IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TIBERIUS MAYS, #N92625, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 18−cv−596−SMY |
| vs. | ) ) | |
| AARON SINGLER, and PAUL RUPERT, | ) ) ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff is currently incarcerated at Robinson Correctional Center ("Robinson"). He originally brought this civil rights action on February 6, 2018, when it was filed as *Mays v. Santos, et al.*, Case No. 18-181-MJR-SCW. After screening the Complaint, the Court severed a number of Plaintiff's claims from the original case into separate actions. (Doc. 1). The instant case contains Counts 4 and 5, which arose at Centralia Correctional Center ("Centralia") and were described as follows:

> **Count 4:** Due Process claim against Singler for issuing false disciplinary tickets against Plaintiff, and against Rupert for finding Plaintiff guilty on the July 2016 ticket at Centralia.
>
> **Count 5:** First Amendment retaliation claim against Singler, for issuing false disciplinary tickets against Plaintiff, and interfering with Plaintiff's law library access, after Plaintiff complained and filed grievances against Singler.

Plaintiff's claims are now before the Court for a preliminary review pursuant to 28

1

U.S.C. § 1915A.[1]

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a *pro*

---

[1] This action was severed on March 22, 2018. (Doc. 1). Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* was denied on April 20, 2018. (Doc. 8). Preliminary review of the Complaint was delayed pending payment of Plaintiff's filing fee. Plaintiff paid his full filing fee on May 21, 2018.

*se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

The portions of the Complaint which relate to Counts 4 and 5 are summarized below.

Plaintiff alleges that in July 2016,[2] Singler (a temporary law librarian) issued Plaintiff a disciplinary ticket for unauthorized movement, after Plaintiff complained about Singler forcing him to pay for copies of case law before Plaintiff could read the material. (Doc. 2, p. 10). Plaintiff asserts that Singler's ticket was false and issued in retaliation for Plaintiff's complaint, and violated his right to due process. Rupert (who conducted the disciplinary hearing) ignored Plaintiff's written statement explaining his "not guilty" response to the charge, and incorrectly stated that Plaintiff had pled guilty. (Doc. 2, pp. 11, 19, 22; Doc. 2-1, pp. 12-16; Doc. 2-2, pp. 8-11). Plaintiff's punishment in connection with this disciplinary ticket was a "verbal reprimand." (Doc. 2-2, p. 8). Plaintiff's grievance over the disciplinary action led Centralia's warden to remand the matter. (Doc. 2, p. 11).

Plaintiff later filed another grievance against Singler for refusing him library time when he had a court deadline. On August 17, 2016, Singler issued Plaintiff an allegedly false disciplinary ticket for insolence, which Plaintiff claims was an act of retaliation for his complaints. (Doc. 2, p. 11; Doc. 2-1, pp. 17, 20-21; Doc. 2-2, pp. 12-13). Plaintiff challenged that ticket, and also complained that he should not have to buy typewriter ribbons for the law library typewriters. (Doc. 2, p. 11). Singler's alleged retaliation continued and included changing Plaintiff's law library times and losing his court papers. (Doc. 2, pp. 11-12).

---

[2] On page 10 of the Complaint, Plaintiff states that this incident took place in July 2017, but it is apparent from the context that the correct date was July 2016. (Doc. 2, p. 10-11).

### Count 4

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A court reviewing a due process claim must, therefore, engage in a two-part inquiry: 1) was there a protected interest at stake that necessitated the protections demanded by due process; and 2) was the disciplinary hearing process conducted in accordance with procedural due process requirements?

The first question then is whether a liberty interest was, in fact, at stake in the hearings. In *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995), the Supreme Court held that liberty interests "will be generally limited to freedom from restraint which...imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Here, Plaintiff received a verbal reprimand. As such, even if there was a due process violation, there was no legally cognizable liberty interest at stake that would have triggered the procedural safeguards demanded by the due process clause. Therefore, Plaintiff's due process claim under Count 4 shall be dismissed without prejudice.

### Count 5

Plaintiff claims that he complained to "Mrs. Zahm" about Singler in July 2017 and that Singler retaliated by issuing a false disciplinary report for unauthorized movement. (Doc. 2, p. 10). Additionally, Plaintiff alleges that he later filed a grievance against Singler pertaining to law library usage. (Doc. 2, p. 11). Singler allegedly retaliated by issuing another false disciplinary ticket, changing his law library times, and losing his court papers. (Doc. 2, pp. 11-12).

These allegations are sufficient, at this early stage of the litigation, to allow Plaintiff's retaliation claim to proceed. *See Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012)*; Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002).

## Pending Motions

Plaintiff's Motions for Recruitment of Counsel (Doc. 5 and Doc. 9) shall be referred to United States Magistrate Judge Reona J. Daly for further consideration.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 6) is **GRANTED** as to Singler, the only defendant remaining in this action pursuant to this screening order.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 4** is **DISMISSED** without prejudice for the reasons stated herein. In connection with this dismissal, **RUPERT** is dismissed from this action without prejudice. The Clerk of the Court is **DIRECTED** to terminate him as a party in CM/ECF.

**IT IS FURTHER ORDERED** that **COUNT 5** will proceed as to **SINGLER**.

**IT IS FURTHER ORDERED** that as to **COUNT 5**, the Clerk of Court shall prepare for **SINGLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings, including Plaintiff's Motions for Recruitment of Counsel. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 13, 2018**

s/ STACI M. YANDLE
**U.S. District Judge**