IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TIBERIUS MAYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-cv-596-SMY-RJD |
| | ) | |
| AARON SINGLER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**DALY, Magistrate Judge:**

Plaintiff submitted an Amended Civil Rights Complaint to the Court on December 26, 2018. Plaintiff was not entitled to amend his complaint as a matter of course under Federal Rule of Civil Procedure 15 as Defendant had filed his answer on August 13, 2018. Accordingly, the Court docketed the filing as a Motion to Amend, which is now before the Court (Doc. 30). For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but

may be amended at any time to conform to the evidence.") (quotation omitted). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

In his proposed amended complaint, Plaintiff seeks to add various defendants and claims to this lawsuit. More specifically, Plaintiff seeks to name as defendants Mark Burton and Paul Rupert, alleging they denied his due process rights by failing to properly investigate certain disciplinary tickets before deciding his guilt. Plaintiff also seeks to name as defendants Robert Mueller, Stephanie Waggoner, and Kevin Kink for failing to adequately address Plaintiff's complaints concerning Defendant Singler's retaliatory actions. Finally, Plaintiff seeks to name Melissa Phoenix as a defendant because she allegedly failed to intervene after reviewing all of his grievances and conducted no further investigation.

Defendant objects to the proposed amendments. First, Defendant asserts that the due process claim Plaintiff attempts to bring against Paul Rupert was previously dismissed by this Court because there was no legally cognizable liberty interest at stake to trigger the procedural safeguards demanded by the due process clause. The Court agrees. District Judge Yandle dismissed Plaintiff's due process claim against Rupert premised on the same allegations. Because this claim suffers from the same defects addressed by Judge Yandle, an amendment to add this claim would be futile. Plaintiff's attempt to bring a similar due process claim against Mark Burton fails for the same reason as there is no allegation that there was a legally cognizable liberty interest at stake related to Burton's finding of guilt and imposition of punishment on a disciplinary ticket.

Defendant also argues that Plaintiff's purported claim against Robert Mueller, Stephanie Waggoner, and Kevin Kink is futile as they cannot be held liable for a constitutional violation

solely because of their role in the grievance process. Plaintiff's allegations, however, are not limited to issues concerning the handling of grievances. Plaintiff also alleges that he spoke with Mueller, Waggoner, and Kink about Singler's alleged retaliatory actions. Although sparse, Plaintiff's allegations are sufficient at this stage to state a claim for deliberate indifference against Defendants Mueller, Waggoner and Kink in light of *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015), in which the Seventh Circuit found that a plaintiff alleging defendants obtained actual knowledge of the plaintiff's serious medical condition and inadequate medical care through various correspondence and who failed to intervene or rectify the situation stated an Eighth Amendment claim. *Id.* at 782.

Plaintiff's claim against Melissa Phoenix, however, fails to state a claim. Plaintiff alleges that Phoenix, a member of the Administrative Review Board, denied his August 30, 2016 grievance wherein Plaintiff complained about the tickets issued by Singler. Prison officials who simply process or review inmate grievances lack personal involvement in the conduct forming the basis of the grievance. *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). Further, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Because a defendant must be personally responsible for the deprivation of a constitutional right to be held liable under § 1983, and Melissa Phoenix merely reviewed and denied a grievance, Plaintiff's attempt to add a claim against her is futile.

Based on the foregoing, Plaintiff's Motion to Amend (Doc. 30) is **GRANTED IN PART AND DENIED IN PART.** Plaintiff shall be allowed to amend his complaint to proceed on the following claims (the enumeration of the counts as set forth below shall be used by the Court and the parties for the remainder of this litigation):

Count One: First Amendment retaliation claim against Singler for issuing false disciplinary tickets against Plaintiff, and interfering with Plaintiff's law library access, after Plaintiff complained and filed grievances against Singler.

Count Two: Eighth Amendment claim against Robert Mueller, Stephanie Waggoner, and Kevin Kink for failing to intervene after they were advised of the alleged retaliatory actions taken by Singler.

The Clerk of Court is **DIRECTED** to file Plaintiff's proposed amended complaint as the First Amended Complaint. The Court notes that although the entirety of Plaintiff's amended complaint will be filed, only the claims set forth above will proceed in this action.

The Clerk of Court shall prepare for Defendants Robert Mueller, Stephanie Waggoner, and Kevin Kink: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Order to Defendants' places of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate of service stating the date on which a true and correct copy of any document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

**IT IS SO ORDERED.**

**DATED: May 6, 2019**

/s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**