IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIBERIUS MAYS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 18-cv-596-DWD |
| | ) |
| **AARON SINGLER,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Tiberius Mays is a former inmate in the Illinois Department of Corrections ("IDOC") housed at the Centralia Correctional Center ("Centralia"). This matter is before the Court for case management purposes. Plaintiff has failed to comply with the Court's Orders (Docs. 90 and 92) and has apparently failed to maintain a correct current address with the Court. As a result, the case is **DISMISSED**.

On initial screening of the case, Plaintiff was reminded that he is under an obligation to update the Court of any change of address within 7 days of a move, and that failure to do say may result in dismissal for want of prosecution. (Doc. 10, p. 6).

On December 16, 2020, the Court granted Defendant's Motion to Compel related to Plaintiff's failure to respond to discovery. (Doc. 90). Plaintiff was warned that failure to respond to discovery on or before December 28, 2020 may result in sanctions including dismissal of his claims. When Plaintiff failed to respond, the Court issued a Show Cause Order, warning Plaintiff that Failure to respond by January 20, 2021 would result in

1

dismissal for failure to prosecute. (Doc. 92). Plaintiff has failed to respond by the deadline. Moreover, the Court's Show Cause Order was returned via U.S. Mail as undeliverable and without forwarding address, indicating that Plaintiff has failed to follow the Court's Order regarding notification of change of address. (Doc. 93).

For these reasons, Plaintiff's claim against Defendant Aaron Singler is **DISMISSED**, and this action is **DISMISSED with prejudice**, based on Plaintiff's failure to comply with orders of the Court and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer,* 9 F.3d 26, 28-29 (7th Cir. 1993) (stating dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice.").

The Court left unresolved the question of expenses under Rule 37(b)(2)(C) when it granted Defendant Singler's Motion to Compel. (Doc. 92). Defendant may submit a motion for such expenses if he wishes, with appropriate documentation attached, within 14 days of the date of this Order.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: January 29, 2021**

/s David W. Dugan
**DAVID W. DUGAN**
**UNITED STATES DISTRICT JUDGE**